## Shea, et al. v. Booneville & Burning Springs Telephone Company.

(Decided May 6, 1927.)

### Appeal from Lee Circuit Court.

1. New Trial.—In action by telephone company against highway contractors for injuring their telephone lines and poles, wherein the defendants counterclaimed for delay by reason of obstruction of the highways by the poles and wires, evidence held not to show

defendants were denied a reasonable opportunity to properly present their case.

2. New Trial.—In action by telephone company against highway contractors for damage to their telephone lines and poles, wherein highway contractors counterclaimed for obstruction, defendants' newly discovered evidence referring to two or three small items in plaintiff's itemized statement of damage, even if showing an insignificant mistake on each, held not to authorize a new trial.

THEO. B. BLAKEY for appellants.

ROSE & STAMPER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellants are highway contractors, and in the fall of 1924 and during the year 1925, as such they were engaged in road construction work along the highway running from Beattyville in Lee county to Booneville in Owsley county. The appellee is a Kentucky corporation and operates telephone lines in several southeastern Kentucky counties, and among others operates one from Beattyville to Booneville.

This is an action by the corporation for damages against the contractor, wherein it is alleged that during the period named defendants negligently and carelessly blasted and shot dirt, rocks, and other debris over, on, and against plaintiff's telephone lines and poles, whereby the said lines were torn, broken, and destroyed; and that defendants negligently and carelessly tore, broke, and destroyed the telephone wires, lines, and poles in the operation of their steam shovels and other machinery, by reason of all of which the plaintiff and its subscribers using said lines were inconvenienced, and the plaintiff was prevented from receiving tolls and revenue from its said lines; that because of such negligent acts the plaintiff's subscribers, or some of them, have had their telephones removed and the service furnished by plaintiff discontinued; that the wires and poles of the plaintiff were so negligently torn, broken, and destroyed, although they were located off of said right of way of the highway, all to the damage of the plaintiff in the sum of $500. The original answer was merely a denial of the allegations of the petition, but on the day of the trial defendants filed an amended answer and counterclaim wherein they asserted delay in the execution of the work they

were engaged in because of the obstruction of the highway by the plaintiff's poles and wires, and that they were compelled to shut down their steam shovel and other machinery and delay the work while they propped up plaintiff's wires and removed its poles from the right of way, and asked damages on their counterclaim in the sum of $600. On the trial a verdict was returned for the plaintiff of $250, upon which judgment was entered.

There was no substantial evidence justifying the giving of an instruction on the allegations of the counterclaim, and the court in its instruction only authorized a recovery for the plaintiff of such amount as was necessarily expended by it in repairs for injuries caused by defendants; and the jury was directed not to consider or allow anything for any injury done to plaintiff's wires and poles which were on the right of way of the state highway.

The three grounds of reversal relied upon are: (1) That the trial did not offer to defendants a reasonable opportunity to properly present their side of the case; (2) that the verdict is excessive; and (3) newly discovered evidence.

On the first ground there is nothing in the record to disclose that the court in any wise hampered defendants or their counsel in the presentation of their case. On the contrary, the bill of evidence discloses not only that defendants introduced more witnesses than plaintiff, but that the volume of evidence introduced by them was greater. It was disclosed when the case was first called for trial that one of defendants' witnesses was unable to attend the trial, but the court instead of continuing the case permitted defendant during term time to take the deposition of that witness, and it was taken and read upon the trial.

On the second question it is practically admitted by counsel that the plaintiff had been damaged to the extent of $100, and the evidence, with all fair inferences deducible from it, seems to fully justify the amount of the verdict.

The newly discovered evidence has reference only to two or three small items contained in an itemized statement of the damages filed by the plaintiff in the action, and if it be assumed there was upon each of these small items an insignificant mistake, it does not authorize or justify the granting of a new trial.

Upon the whole case there is no reason shown to disturb the verdict.

Judgment affirmed.